UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. DAY, # 446361,

    Plaintiff,

Case No. 10-cv-14169

v.

HONORABLE STEPHEN J. MURPHY , III

GENESEE COUNTY, et.al.,

    Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

This is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff Robert A. Day, currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed his *pro se* complaint, claiming that he was prohibited by various persons and entities from filing legal papers in a criminal case he was facing. He alleges that the incident took place at the Genesee County jail. He names the following defendants: (1) Genesee County, (2) Prosecuting Attorney Karen R. Hanson, (3) Attorney Randy L. Bond, (4) Genesee County Jail Administrator Mr. Cole, (5) Lieutenant Lule, (6) the Genesee County Sheriff's Department, (7) Deputy S. Poole, and (8) Deputy Nickelson. He is seeking monetary damages and costs. The Court has granted Day leave to proceed *in forma pauperis.*

For the reasons stated below, the Court will dismiss Day's Complaint for failure to state a claim upon which relief can be granted.

### BACKGROUND FACTS

Day alleges that on June 1, 2010 he was transferred from the Ionia Maximum Correctional Facility to Genesee County for an arraignment on a breaking and entering charge. At that time, he was also preparing for trial in Shiawassee County on an escape charge. While at Genesee County, he was assigned appointed counsel. A plea agreement

was discussed and, according to Day, agreed upon by all parties. Day contends that while in custody, he made numerous requests for law books, which were denied. He asserts that he hand wrote various motions and a complaint, which Genesee County refused to file for him. Specifically, he states that Officers Poole and Nickelson told him that "we can throw it away for you" and "your constitutional right or civil rights end at the door." Compl. 8. Day further contends that he discussed those issues with the court at his sentencing.

Pursuant to the Michigan Department of Corrections website, Day pleaded guilty to both charges in both counties and was sentenced as follows: two to fifteen years in prison for the escape conviction in Shiawassee County, and two to twenty years in prison for the breaking-and-entering conviction in Genesee County.

## DISCUSSION

I. Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a district court must dismiss an *in forma pauperis* complaint before service on a defendant if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c). A court is similarly required to dismiss a complaint seeking redress from government entities, officers, and employees which the court finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Court must read Day's *pro se* complaint under "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A plaintiff fails to state a claim

for relief when the plaintiff would not be entitled to legal relief even if everything he says in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard afforded Day in this case, the Court finds that his claims against Defendants are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

II. Analysis

A. Prosecuting Attorney Karen R. Hanson

Assistant Prosecutor Hanson is absolutely immune from suit arising from the actions taken in her prosecutorial role in pursuing criminal charges against Day. It is well established that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (footnote omitted). This immunity extends to all activities that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Absolute prosecutorial immunity is not strictly limited to "the act of initiation itself and to conduct occurring in the courtroom," but encompasses any activities "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial," including "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *see also Hatchett v. City of Detroit*, --- F.Supp.2d ---, 2010 WL 538648, at *14 (E.D. Mich. Feb. 10, 2010) (absolute prosecutorial immunity covers all actions taken

by a prosecutor while acting as an "advocate" for the state).

Day's allegations of misconduct by Assistant Prosecutor Hanson rest exclusively upon core prosecutorial functions that are protected by absolute immunity. He alleges that Hanson agreed to "cut me loose." In other words, he argues that Hanson agreed verbally that he could plead guilty. It is not clear what prejudice, if any, Day suffered due to any acts of Hanson.

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock*, 330 F.3d at 797; *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir.1989). In this case, Hanson actions were simply related to her role as an advocate. Moreover, to the extent that Plaintiff alleges that Hanson conspired against him in the "connect[ion] with the initiation and conduct of a prosecution," she is also protected by absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991).

Accordingly, the Court must dismiss Day's claim against Assistant Prosecutor Hanson.

B. <u>Attorney Randy L. Bond</u>

Day's claim against his court-appointed attorney, Randy L. Bond, must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Court-appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317

4

(1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *See Briscoe v. Lahue*, 460 U.S. 325, 329, n.6 (1983); *see also Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004) (criminal defense attorney was not state actor subject to liability under § 1983 when there was no showing that attorney acted in concert with state officials to deprive client of his rights); *Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (criminal defendant's appellate attorney was not state actor, and thus was not subject to suit under § 1983); *Dunning v. Yuetter*, 12 F.App'x 282, 284 (6th Cir. 2001) (criminal defense attorneys did not act under color of state law, for purpose of § 1983); *Cf. Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (state court criminal defendant's private attorney was not "state actor," precluding defendant's § 1983 action against attorney alleging ineffective assistance of counsel).

Therefore, the Court must dismiss Day's claim against Attorney Bond.

C. <u>Jail Administrator Cole and Lieutenant Lule</u>

Day's claims against Defendants Cole and Lieutenant Lule must be dismissed because he failed to allege facts demonstrating personal involvement of those Defendants in the events giving rise to his Complaint. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (holding that section 1983 liability cannot be based upon a theory of *respondeat superior*). Supervisory liability under § 1983 is precluded even if the supervising entity is aware of improper activity of its subordinates and fails to act. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). It

5

must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Id.*; *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (finding that a plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Day has failed to allege personal involvement with respect to Cole and Lule. The mere fact that they may have supervisory authority over the other Defendants who were personally involved, may have been aware of his complaints, or may have denied his grievances is insufficient to state a claim for relief under § 1983.

Therefore, the Court must dismiss Day's claims against Cole and Lule.

### D. Genesee County and Genesee County Sheriff's Department

Day is also suing Genesee County and its Sheriff's Department. In *Monell*, the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 694. In so ruling, however, the Supreme Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, i.e., through application of the doctrine of *respondeat superior*. Rather, the Court concluded, a governmental unit may be liable under § 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the constitutional injury. *Id.* The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible, i.e., acts that the municipality has officially sanctioned or ordered. *Id.*

In *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), the Supreme Court further

6

clarified that "municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483 (citation omitted). Moreover, mere identification of a policy or custom is not enough to establish municipal liability; a plaintiff also must establish causation. In this regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link" between the municipality's custom or policy and the constitutional deprivation at issue. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

As set forth above, Genesee County cannot be liable for any constitutional deprivations suffered by Day unless "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The Supreme Court has instructed that "policy" is made when a decision maker possessing final authority over the subject matter issues an official proclamation, policy, or edict. *Pembaur*, 475 U.S. at 481. Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. *Monell*, 436 U.S. at 690.

In this case, Day has not identified or alleged any policy or custom attributable to Genesee County, and therefore, his claims are dismissed for failure to state a claim upon which relief may be granted.

Day's claims against the Genesee County Sheriff's Department are also subject to summary dismissal on the ground that it is not a proper party to this suit. A municipal

"police department is not a legal entity against wh[ich] a suit can be directed." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992) (citing *Moomey v. City of Holland*, 490 F.Supp. 188 (W.D. Mich. 1980) (police department is merely creature of the city under Mich. Comp. Laws § 92.1; city is real party in interest)); *see also Michonski v. City of Detroit*, 162 Mich. App. 485, 490 (1987) (per curiam) (public lighting department is not separate legal entity against whom tort action may be brought).

Therefore, the Court must dismiss Day's claims against Genesee County and the Genesee County Sheriff's Department

### E. Poole and Nickelson

In his Complaint, Day sues Poole and Nickelson and Genesee County because they interfered with the mailing of several items of his legal mail.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, e.g., a state-provided law library, or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

To prevail on a § 1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis*, 518 U.S. at 351. This can be established by showing that the

deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Day fails to allege that his ability to pursue a direct criminal appeal, habeas corpus application, or a civil rights claim challenging a condition of confinement was prejudiced by Defendants' conduct. *See Lewis*, 518 U.S. at 355. Day's conclusory allegation that Defendants violated his right of access to the courts, without any specific claim that injury resulted, is insufficient to sustain a claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) ("Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim."); *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of prisoner's access to the court's claim as conclusory where prisoner failed "to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or non-frivolous civil rights claims").

Therefore, the Court must dismiss Day's claims against Poole and Nickleson.

F. <u>*Heck v. Humphrey*</u> Bar

Finally, to the extent that Day is challenging the fact or duration of his confinement, his claim must be brought as a petition for habeas corpus, not through a civil rights action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The U.S. Supreme Court has specifically held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Against that backdrop, to the extent that Day is challenging his conviction, his complaint fails to state a valid claim for relief.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Day's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that any appeal taken would not be done in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 18, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 18, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager